FILED

12/11/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0572

# SYNOPSIS OF THE CASE[1]

**2024 MT 303**, DA 23-0572: **PHOEBE CROSS, a minor by and through his guardians Molly Cross and Paul Cross; MOLLY CROSS, an individual; PAUL CROSS, an individual; JANE DOE, an individual; JOHN DOE, an individual; JUANITA HODAX, on behalf of herself and her patients; KATHERINE MISTRETTA on behalf of herself and her patients,** Plaintiffs v. **STATE OF MONTANA; GREGORY GIANFORTE, in his official capacity as Governor of the State of Montana; AUSTIN KNUDSEN, in his official capacity as Attorney General; MONTANA BOARD OF MEDICAL EXAMINERS; MONTANA BOARD OF NURSING; MONTANA DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES; CHARLIE BRERETON, in his official capacity as Director of the Montana Department of Public Health and Human Services,** Defendants.

The Montana Supreme Court has upheld a District Court order temporarily blocking a law passed by the 2023 Legislature that bans use of all medications and surgery to treat gender dysphoria in minors. The court agreed unanimously that the plaintiffs—transgender youth, their parents, and medical professionals who provide the banned forms of treatment—had shown a preliminary likelihood of success on their claim that the law violated Montana's express constitutional right to privacy.

The Montana Constitution's privacy clause protects a private medical decision involving an individual and their healthcare provider from infringement by the State without a compelling state interest. That privacy right empowers an individual to make medical judgments affecting her or his bodily integrity and health in partnership with a chosen health care provider free from the interference of the government. When, as here, a statute impacts individual privacy rights, the State must demonstrate that the legislation is justified by a compelling state interest and is narrowly tailored to effectuate only that compelling interest.

The Court agreed that the State has a compelling interest in safeguarding the physical and psychological wellbeing of a minor. On the record presented to the District Court, however, the State did not make a preliminary showing that the statute was narrowly tailored to serve that interest. The Court noted that the law affords no room for decision-making by a patient in consultation with their doctors and parents. The statute instead is a complete ban, prohibiting individualized care even when such treatment is determined, in the judgment of a medical professional working with their patients, to be in the patients' best interest and given with informed consent.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

The evidence at this stage of the case showed that the prohibited medical interventions are not used for youth prior to the onset of puberty, and the most invasive (surgical) treatments are not recommended for patients before they turn eighteen. On the strength of the potential harm to those patients the statute targets, the District Court reasonably concluded that the Plaintiffs made an adequate preliminary showing of harm and that the balance of equities tips toward preliminary relief pending full consideration of the merits.

The case will return to the District Court for the parties to develop the evidence fully at a trial, where their experts may testify and offer insight on any new research. The trial court will at that time resolve conflicts in the evidence and consider any new legal developments relative to the parties' claims.

Two members of the Court would have gone further and held that the Plaintiffs also showed they were likely to succeed on their claims that the law violated the constitutional right to equal protection of the law because transgender discrimination is, by nature, sex discrimination and transgender youth should be treated as a "suspect class" entitled to heightened protection under the law. Because the law treats transgender youth differently, they agreed with the District Court that it should be temporarily blocked on that basis as well.

One member of the Court, while agreeing with the preliminary injunction against the law's medical restrictions, would have allowed one provision of the statute to take effect that prohibits Medicaid funding of gender-affirming care for minors.